# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | * |
| KEITH COWIN, | * |
|    Plaintiff | * |
| v. | *      CIVIL NO.  JKB-17-3162 |
| MARK RICHARD KREBS, SR., *et al.*, | * |
|    Defendants | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

### I.  Background

Plaintiff Keith Cowin filed this lawsuit against Defendants Mark Richard Krebs, Sr., and Kibler Construction Company, Inc. ("Kibler"), claiming personal injuries resulting from a car accident in which Krebs, who is alleged to be the agent of Kibler, rear-ended the vehicle driven by Cowin.  (Compl., ECF No. 1.)  Cowin's complaint has two counts, the first against Krebs and Kibler for negligence and the second against Krebs for gross negligence; the second count seeks punitive damages against Krebs.  Now pending before the Court is Krebs's motion to dismiss Count II.  (ECF No. 7.)  The motion has been briefed (ECF Nos. 13, 14), and no hearing is required, Local Rule 105.6 (D. Md. 2016).  The motion will be granted.

### II.  Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### III. *Allegations of the Complaint*

Cowin alleges he was waiting at a traffic signal on southbound Route 32, north of Niner Road in Carroll County, Maryland, when the vehicle Krebs was operating failed to stop and struck Cowin's vehicle in the rear. (Compl. ¶¶ 5-7.) Cowin alleges that Krebs was using his cell phone and not devoting his full attention to his driving. (*Id.* ¶ 8.) Cowin further alleges, as to Count II, that

> Krebs did willfully operate his motor vehicle in violation of the traffic laws of the State of Maryland and did carelessly and recklessly operated [*sic*] the motor vehicle of Defendant Kibler without regard for the safety and wellbeing [*sic*] of others upon the roadway and did act with such wanton disregard and indifference for the obligations associated with the operation of a motor vehicle so as to create a dangerous and hazardous situation which ultimately led to the collision in question.

> The actions of Defendant Krebs were intentional or so utterly indifferent to the health, welfare and safety of others traveling upon the roadway in question to amount to gross negligence.

> Defendant Krebs drove the vehicle in a careless and imprudent manner endangering property, life and persons upon the roadway.

(*Id.* ¶¶ 17-19.)

### IV. Analysis

The premise of Krebs's motion to dismiss is that Cowin's complaint fails to allege an adequate basis for punitive damages. Krebs is correct.

The Maryland Court of Appeals has concluded that the elements of a tort claim of gross negligence do not support a prayer for punitive damages. *Beall v. Holloway-Johnson*, 130 A.3d 406, 419 (Md. 2016). Punitive damages may not be awarded unless a "defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, *i.e.*, actual malice." *Id.* at 420 (standard applicable to both nonintentional torts and intentional torts) (internal quotation marks omitted). "Negligence alone, no matter how gross, wanton, or outrageous, will not satisfy this standard." *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 654 (Md. 1992).

Cowin's complaint relies upon conclusional allegations to characterize Krebs's conduct as gross negligence, but that tort is an insufficient basis for punitive damages. Regardless, Cowin has failed to plead any factual content to allow an inference that Krebs was possessed of actual malice when his vehicle struck Cowin's.

### V. Conclusion

Cowin's complaint fails to plead a proper basis for either gross negligence or punitive damages. Count II will be dismissed by separate order.

DATED this 19th day of December, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge